IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.   14-cv-00745-WYD-MJW

JAMES DURKEE,

     Plaintiff,

v.

SHERIFF JOHN MINOR, in his official and individual capacities;
SERGEANT RON HOCHMUTH, in his individual capacity; and
JOHN DOES #1-5, in their individual capacities,

     Defendants.

## ORDER

THIS MATTER is before the Court in connection with Plaintiff's Motion to Certify Appeal as Frivolous filed February 26, 2016, and Defendants' Motion to Vacate Setting of Final Trial Preparation Conference and Trial filed April 15, 2016.  I first address the Motion to Certify Appeal as Frivolous, which is fully briefed.

Plaintiff claims in its motion that the Court should certify as frivolous Defendants' appeal of my Order of December 8, 2015, that denied summary judgment on Plaintiff's First, Second, and Third Claims for Relief because the denial was based on disputed issues of fact and sufficiency of the evidence and not on an issue of law, such as whether the law was clearly established at the time Plaintiff's rights were violated. Plaintiff argues that a defendant's claim of entitlement to qualified immunity is subject to interlocutory appeal only if the order "turns on an issue of law", *Mitchell v. Forsyth*, 472

U.S. 511, 530 (1985), and that the interlocutory appeal based on the Court's ruling as to disputed facts is frivolous.

I deny Plaintiff's motion.  Defendants assert that their appeal challenges the Court's legal findings on both prongs of the qualified immunity analysis: (1) whether the facts taken in the light most favorable to the Plaintiff constitute a violation of the Plaintiff's substantive due process rights under the Fourteenth Amendment and (2) whether clearly established law put Defendants on notice that they could be found liable for their conduct.  Defendants have thus represented that there are issues of law that are properly before the Tenth Circuit in connection with the qualified immunity analysis, even though Plaintiff may disagree with this characterization.

I now turn to Defendant's Motion to Vacate Setting of Final Trial Preparation Conference and Trial.  That motion is granted.  The interlocutory appeal divests this Court of jurisdiction over those aspects of the case involved in the appeal, including the issue of whether Defendants are entitled to qualified immunity.  *Stewart v. Donges*, 915 F.2d 572, 574 (10th Cir. 1990).  Accordingly, a trial setting is not appropriate until the interlocutory appeal is resolved.

In conclusion, it is

ORDERED that Plaintiff's Motion to Certify Appeal as Frivolous (ECF No. 76) is **DENIED**.  It is

FURTHER ORDERED that Defendant's Motion to Vacate Setting of Final Trial Preparation Conference and Trial (ECF No. 80) is **GRANTED**.

Dated: April 28, 2016.

BY THE COURT:

/s/ Wiley Y. Daniel
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE